# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____ D.C.

AUG 2 2 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

| | |
|---|---|
| United States of America<br>v.<br>MILES ANTHONY CONNORS,<br><br>Defendant(s) | Case No.<br>25-MJ-5037-Snow |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 19, 2025__ in the county of __Monroe__ in the __Southern__ District of __Florida and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Reentry of Removed Aliens |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Olivia Henika, HSI
Printed name and title

Sworn to before me telephonically.

Date: 8/22/25

_____
Judge's signature

City and state: Key West, Florida        Hon. Lurana S. Snow, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Olivia Henika, being first duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HIS"), in Key West, Florida, and have been so employed since July 2019. As an HSI special agent, I am responsible for investigating matters within the jurisdiction of the United States Department of Homeland Security, including violations of the immigration and customs laws of the United States. Prior to my employment with HSI, I was employed as an intelligence analyst with the Monroe County Sheriff's Office for three years. I have completed the Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, GA. These academies consisted of comprehensive training in multiple disciplines including proper investigative techniques and the application and execution of search, arrest, and seizure warrants for violations of federal laws, including but not limited to violations of the Immigration and Nationality Act.

2. The statements contained in this affidavit are based upon my own personal knowledge gathered during my participation in this investigation, my previous training and experience, other law enforcement officers and agents who have engaged in numerous investigations involving the transportation of aliens who are unlawfully present in the United States, and upon facts and information from agents and interviews. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me or law enforcement in this investigation. I have set forth only the facts that I believe are necessary to establish probable cause.

1

3. I submit this affidavit in support of a criminal complaint charging Miles Anthony CONNORS, a.k.a. Myles Anthony OCONNOR (hereinafter "CONNORS") with re-entry of a removed alien, in violation of Title 8, United States Code, Section 1326(a).

## PROBABLE CAUSE

4. At approximately 11:00 a.m. on August 20, 2025, U.S. Coast Guard ("USCG") Cutter Maple encountered a 43-foot recreational sailing vessel named "Stormy Weather," with Registration number FL8456TS (hereinafter SUSPECT VESSEL), approximately 40 nautical miles south of Marathon, FL.

5. Crew from the USCG Cutter Maple boarded the SUSPECT VESSEL and found a total of three (3) individuals onboard. All three individuals aboard the SUSPECT VESSEL were identified by law enforcement. They were identified as CONNORS, A.A., and S.V.

6. A.A., the SUSPECT VESSEL's Captain, told USCG officers that the vessel had departed from Marathon, Florida and was destined for Cuba.

7. USCG Officers reviewed relevant USCG records and determined that the SUSPECT VESSEL did not have the proper permit or other authorization to enter Cuba or Cuban territorial waters. Therefore, the SUSPECT VESSEL's voyage was terminated by the USCG. All three individuals were brought aboard the USCG Cutter, and the USCG towed the SUSPECT VESSEL back to Marathon.

8. On or about August 20, 2025, USCG brought CONNORS, S.V., and A.A. ashore at the USCG station in Marathon, Florida. From there, they were transported to the Customs and Border Protection Office of Field Operations in Key West for processing, and then subsequently to the HSI office in Key West for additional processing.

9. Background and records checks were conducted for all three individuals. These records revealed that CONNORS is a citizen of the United Kingdom with no legal status in the United States. Records checks further revealed that CONNORS had several previous interactions with United States immigration authorities. These encounters occurred or about February 19, 2006, at the Philadelphia International Airport; on or about December 12, 2006, at the Chicago-O'Hare International Airport; and the third was on or about February 16, 2008, at the Massena, New York Port of Entry.

10. At the Massena Port of Entry, on or about February 16, 2008, CONNORS was deemed inadmissible by U.S. Customs. Later that day he was ordered removed from the United States, then formally removed.

11. Subsequent to his first removal CONNORS was unlawfully found in the United States again, having entered at an unknown time and date. CONNORS was apprehended in the United States for Driving Without a License. His order of removal was reinstated, and he was ultimately removed on a flight from New York to the United Kingdom. His second removal occurred on or about June 29, 2010.

12. CONNORS was removed with the name "Myles Anthony OCONNOR." That name was listed on his previous passport, but his current passport reflects the name Miles Anthony CONNORS. Biometrics checks revealed that CONNORS has gone by several variations of the same name. These records also revealed that CONNORS has an outstanding warrant in Pennsylvania from January of 2025.

13. Records checks revealed that S.V. is the registered owner of the SUSPECT VESSEL, and a Canadian National that last entered the United States in July 2025 on a valid B2 non-immigrant visa.

14. Records checks revealed that A.A. is a Russian-born United States Citizen. A.A. was the Captain of the vessel.

15. In post-*Miranda* interviews, both S.V. and A.A. told agents that on or about August 19, 2025, they picked CONNORS up in their dinghy from a marina in Marathon, Florida. S.V. told agents that she, A.A. and CONNORS got off the dinghy at Ponchos Fuel Dock, in Marathon, Florida, prior to boarding the sailing vessel, so that CONNORS could purchase water.

16. On August 21, 2025, HSI Agents obtained consent from the business owner of Ponchos Fuel Dock to review video surveillance from two days prior. Agents were able to identify video footage of CONNORS, S.V., and A.A. arriving to the fuel dock on a red dinghy. The footage depicted all three individuals arriving at approximately 10:19 a.m., on or about August 19, 2025. CONNORS and A.A. appear to enter the market while S.V. stayed with the dinghy. At approximately 10:27 a.m., all three subjects board the small vessel and depart from the fuel dock.

17. After reviewing immigration records for CONNORS, I have determined that he did not have the consent of the Attorney General of the United States or his/her successor, the Secretary of Homeland Security to apply for readmission to the United States.

*[Intentionally Left Blank]*

## CONCLUSION

18. Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe that Miles Anthony CONNORS was found in the United States on or about August 19, 2025, after being previously removed, in violation of Title 8, United States Code, Section 1326(a).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

Olivia Henika
Special Agent
Homeland Security Investigations

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by FaceTime this 22 day of August 2025.

Honorable Lurana S. Snow
United States Magistrate Judge
Southern District of Florida

5